IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JANET PICKELL, *ET AL.*,

      Plaintiffs,

v.                                                   Civil Action No. 2:13-cv-01589

ETHICON, INC., *ET AL.*,

      Defendants.

### MEMORANDUM OPINION AND ORDER

Plaintiffs' counsel filed this civil action on January 29, 2013, on behalf of Janet and John Pickell. [ECF No. 1]. On July 29, 2013, plaintiffs filed an Amended Short Form Complaint naming: Janet Pickell (deceased), John Pickell, Sharon A. Pernell and Kathy F. Webb (co-administrators). [ECF No. 4]. On February 8, 2019, plaintiffs' counsel filed a Suggestion of Death noting the death of Janet Pickell "during the pendency of this action." [ECF No. 15]. Defendants then filed a motion to dismiss and attached Ms. Pickell's death certificate indicating she died on May 15, 2012. [ECF No. 17, 17-1].

The court **ORDERS** that the Amended Short Form Complaint filed at ECF Number 4 is **STRICKEN** because it improperly named new plaintiffs without seeking leave of court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Turning to the plaintiffs named in the original Short Form Complaint, Janet and John Pickell, because the plaintiff Janet Pickell was deceased prior to the time this case was filed, she cannot bring a lawsuit in her own name. "[A] lawsuit filed in the name of a deceased individual is a nullity over which this Court has no jurisdiction." *In re Engle Cases,* No. 3:09-cv-1000-J-32JBT, 2013 WL 8115442, at *2 (M.D. Fla. Jan. 22, 2013). Accordingly, the court **ORDERS** that the plaintiff Janet Pickell is **DISMISSED** without prejudice.

As to plaintiff John Pickell, the only remaining plaintiff in this action, his claim for loss of consortium is derivative of Ms. Pickell's claims. *See Scattaregia v. Shin Shen Wu,* 495

A.2d 552, 553 (Pa. Super. Ct. 1985). Because Ms. Pickell's claims are dismissed by this order, the court **ORDERS** that Mr. Pickell's only claim for loss of consortium must be dismissed without prejudice as well. The court further **ORDERS** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction based on Predeceased Plaintiff [ECF No. 17] is **DENIED as moot**. The Clerk is directed to close the case and strike it from the docket.

The court **DIRECTS** the Clerk to file a copy of this Order and to send a copy of this Order to counsel and any unrepresented party.

ENTER: November 5, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE